### 9377

### ALL *ET AL.* v. BRITISH & AMERICAN MORTGAGE CO., LIMITED.

#### (88 S. E. 529.)

1. USURY—WHAT LAW GOVERNS—FOREIGN CORPORATION.—Where a foreign corporation, acting through local agents, lent money to a resident of the State secured by a mortgage, and the contract was usurious, it will be presumed, nothing appearing to the contrary, that the contract was solvable in the State, and an action for usury might there be maintained.

2. VENUE—ACTIONS.—Under Code Civ. Proc. 1912, sec. 173, declaring that actions for the recovery of a penalty or forfiture imposed by statute shall be tried in the county where the cause or some part

arose, an action to recover the penalty prescribed by Civ. Code 1912, sec. 2519, for receiving usurious interest on a contract for the lending of money should be instituted in the county where the loan was made and in which the land that was mortgaged to secure the loan was located.

Before MAULDIN, J., Bamberg, March, 1915.    Reversed.

Action by T. Gertrude All and her husband against the British and American Mortgage Company, Limited. Defendant moved for a change of venue, and from an order denying its motion, it appealed.

*Messrs. Thomas & Lumpkin, D. W. Robinson* and *Harley & Best,* for appellant, cite: *As to nature of action:* 62 S. C. 176; 72 S. C. 364.    *Venue:* Code Civil Proc., secs. 173, 461.    *Cause of action:* 5 A. &. E. Enc. of Law (2d ed.) 773; Pom. Rem. 493, 519; Phillips Code Pleading, secs. 30 and 31; Bryant Code Pleading, sec. 132; 6 Cyc. 705; 18· S. C. 469; 55 S. C. 546.    *Agency:* 83 S. C. 525; 38 S. C. 183; 19 L. R. A. (N. S.) 391.    *Code imperative as to venue:* 16 S. C. 276; 22 S. C. 276; 24 S. C. 392; 25 S. C. 385; 80 S. C. 488.

*Messrs. W. H. Townsend, Mayfield & Free* and *Carter & Carter,* for respondents.

April 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs brought this action in the Circuit Court for the county of Bamberg to recover the penalty provided by statute (section 2519, vol. I, Code of 1912) for receiving usurious interest on a contract for the lending of money.

1, 2    Defendant is a foreign corporation.    Plaintiffs reside in Barnwell county.    The loan was made in Barnwell county, through agents residing there, who are alleged

to have been the agents of defendant in its business of lending money, and it was secured by mortgage of real estate situate in Barnwell county. Nothing appearing to the contrary, the presumption is that the contract was solvable in this State. *Curnow* v. *Insurance Co.,* 37 S. C. 406, 16 S. E. 132, 34 Am. St. Rep. 766. Besides the commission of which was paid to the alleged agents of defendant, the payment which is alleged to have made the transaction usurious was paid in Barnwell county. It follows that the cause of action arose in Barnwell county, and, under the provision of section 173 of the Code of Procedure, the action should have been brought in Barnwell county. That section provides:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the Court to change the place of trial: 1. For the recovery of a penalty or forfeiture imposed by statute," etc.

The case of *Elms* v. *Power Co.,* 78 S. C. 326, 58 S. E. 809, is not applicable. That was an action against a foreign corporation for tort; and, moreover, on being sued in Lancaster county, the plaintiff answered to the merits, which was a waiver of the objection to the jurisdiction of the Court.

The Court erred in refusing defendant's motion to transfer the case to Barnwell county for trial.

Order reversed.