SOUTHERN COTTON OIL COMPANY v. R. E. GRIMES.

(Filed 8 March, 1922.)

**1. Removal of Causes—Transfer of Causes—Venue—Parties—Nonresidents—Statutes.**

The county of the residence of the defendant, in an action upon alleged breach of contract, by a nonresident plaintiff, is the proper venue. C. S., 469, 470, 637.

**2. Same—Courts—Clerks of Court—Jurisdiction—Procedure—Pleadings.**

Where the clerk of the Superior Court orders the action upon contract removed to the county of the defendant's residence, and the plaintiff, a nonresident, has appealed therefrom to the judge, who in term orders the cause transferred and the defendant has complied with the requisites of the statute in filing a written motion in apt time, the action of the trial judge is a valid exercise of his jurisdictional authority.

3. **Removal of Causes—Transfer of Causes—Motions—Statutes—Courts—Jurisdiction—Clerks of Court—Writing—Appeal—Appeal and Error.**

> Where the defendant has filed, in apt time with the clerk of the court a motion, with prayer for the dismissal of the action, but based upon sufficient allegations of improper venue, whereupon the clerk orders the cause removed to the proper county and the plaintiff appealed to the Superior Court, and the judge at term orders the cause removed, the fact that the defendant first moved to dismiss under the written motion does not affect the authority of the judge to order the cause removed, and on appeal to the Supreme Court a statement of record that defendant filed a written motion to dismiss, negatives the exception that it was an oral motion, not in conformity with the requirements of the statute.

APPEAL by defendant from *Cranmer, J.,* at the January Term, 1922, of PITT.

The plaintiff appealed from an order directing removal of the action from Pitt County to Martin County.

*S. J. Everett for plaintiff.*
*F. G. James & Son for defendant.*

ADAMS, J.　The plaintiff is a nonresident corporation, and the defendant a resident of Martin County.　On 5 December, 1921, the plaintiff brought suit in Pitt to recover damages for alleged breach of contract; and the defendant, before the time for answering expired, appeared before the clerk of the Superior Court of the latter county and filed a motion to dismiss the action.　The clerk denied this motion and *ex mero motu* made an order of removal to Martin, and extended the time for the defendant to answer.　The plaintiff appealed from this order to the court in term; and to an order made by his Honor removing the cause from Pitt to Martin the plaintiff excepted.　The appeal presents for review the correctness of his Honor's ruling.

Anterior to the passage of the act to restore the provisions of the Code of Civil Procedure in regard to process and pleadings, the defendant, before the time for answering expired, was authorized to apply to the court in term for the removal of an action which had been brought in the wrong county.　Pell's Rev., sec. 425.　This change in procedure did not authorize the clerk to remove a cause on the ground of improper venue.　Before the recent amendment the defendant had the right to lodge before the clerk his motion for removal, and after the answer was filed the clerk transferred the papers to the court in term in order that the presiding judge might pass upon the defendant's motion.　Public Laws 1919, ch. 304; Public Laws 1920, ch. 96; *Zucker v. Oettinger,* 179 N. C., 277.　The clerk's order of removal was affirmed on appeal, and

his Honor, having jurisdiction to hear the defendant's motion, appropriately made an order to remove the cause to the proper venue, which in this case is the county of the defendant's residence. C. S., 469, 470, 637; *R. R. v. Stroud,* 132 N. C., 416; *Ryder v. Oates,* 173 N. C., 569. See Public Laws, Extra Session, 1921, ch. 92, sec. 15.

The plaintiff insists that a motion to dismiss an action for improper venue is not a motion for removal; and further, that the defendant's motion, whatever its nature, was not in writing as required by the statute. But the case on appeal states that the defendant "filed a motion to dismiss," and on appeal moved the court to transfer the cause to Martin County. The word "filed" negatives the idea of an oral motion, and the mere circumstance that the defendant first moved to dismiss is immaterial. Moreover, the judgment recites his Honor's exercise of discretion, presumably for the convenience of witnesses, in ordering the removal. There being no error, the judgment is

Affirmed.