SMITH-DOUGLASS COMPANY, INCORPORATED, v. SAM T. HONEYCUTT, H. G. GRAY AND K. L. ROSE.

(Filed 22 February, 1933.)

**Venue A c—Corporation domesticated under C. S., 1181, acquires right to sue and be sued as domestic corporation.**

Where a foreign corporation has submitted to domestication in this State by filing its certificate of incorporation with the Secretary of State and by otherwise complying with the provisions of C. S., 1181, and has designated a certain county in this State as the location of its principal office and has filed a certified copy of its certificate of incorporation in the office of the clerk of the Superior Court of such county: *Held,* it thereby acquires the right to sue and be sued in the courts of this State as a domestic corporation, C. S., 466, and where it brings action on a note in the county of its designated residence the defendants are not entitled to removal to the county of their residence as a matter of right. C. S., 469, 463, 464.

APPEAL by plaintiff from *Hill, Special Judge,* at October Term, 1932, of PASQUOTANK. Reversed.

The plaintiff brought suit in Pasquotank County to recover the amount due on a promissory note executed by the defendants. The defendants, who are residents of Johnston County, made a motion to have the cause removed to the county of their residence as a matter of right. The motion was allowed and the plaintiff excepted and appealed.

The order of removal contains the following statement of facts: "The defendants are residents of Johnston County, North Carolina. The Smith-Douglass Company was originally chartered under the laws of the State of Virginia. It became domesticated in the State of North Carolina and entitled to do business therein, by compliance with the statutes relative thereto, and filed in the office of the Secretary of State of North Carolina its certificate of incorporation, being the original certificate of incorporation employed in obtaining its charter in the State of Virginia, which complies with the laws of North Carolina relative to domestic corporations originally chartered therein. The plaintiff has designated Pasquotank County as the location of its principal office in North Carolina, and has filed a certified copy of said certificate of incorporation, designating Pasquotank County as the location of its principal office, in the office of the clerk of the Superior Court of Pasquotank County. In filing such certificate of incorporation in the office of Secretary of State and in the office of the clerk of the Superior Court of Pasquotank County, and paying taxes, fees, etc., the plaintiff has complied with all of the laws of North Carolina relative to the creation of domestic corporations."

*J. H. LeRoy, Jr., for plaintiffs.*

ADAMS, J. In all cases other than those which are recognized as local (C. S., 463, 464) the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement. C. S., 469. *Whitford v. Ins. Co.,* 156 N. C., 42. This action was instituted in Pasquotank; the defendants reside in Johnston. The plaintiff is a corporation organized under the laws of the State of Virginia and has designated Pasquotank County as the place of its principal office in North Carolina. It is provided that for the purpose of suing and being sued the principal place of business of a domestic corporation is its residence. C. S., 466. Before the enactment of this statute a domestic corporation had no residence. *Alliance v. Murrell,* 119 N. C., 124. The purpose of the statute was to put such corporations on an equality with individuals with respect to venue. *Rackley v. Lumber Co.,* 153 N. C., 171. The venue in actions against foreign corporations is prescribed in section 467 of the Consolidated Statutes; and for breach of contract the proper venue in an action by a nonresident corporation is the county in which the defendant resides. *Cotton Oil Co. v. Grimes,* 183 N. C., 97.

The immediate question is whether upon the facts found by the trial court the plaintiff may be regarded for the purpose of venue as a domestic corporation.

The fact that a foreign corporation is permitted to do business in another State does not make it a domestic corporation for all purposes. *Harrison v. St. Louis & S. F. R. Co.,* 232 U. S., 318, 58 L. Ed., 621; *Southern R. Co. v. Allison,* 190 U. S., 326, 47 L. Ed., 1078. In the latter case, which reversed the decision in *Allison v. R. R.,* 129 N. C., 336, the Supreme Court of the United States observed, quoting from a previous opinion, "The presumption that a corporation is composed of citizens of the State which created it accompanies such corporation where it does business in another State," and further remarked: "So it seems that a corporation may be made what is termed a domestic corporation, or in form a domestic corporation, of a State in compliance with the legislation thereof, by filing a copy of its charter and by-laws with the Secretary of State; yet such fact does not affect the character of the original corporation. It does not thereby become a citizen of the State in which a copy of its charter is filed, so far as to affect the jurisdiction of the Federal Courts upon a question of diverse citizenship."

That question is not presented in this appeal. Here the plaintiff submitted to domestication by complying with the requisites of permission to conduct its business in this State. C. S., 1181. It thereby acquired the right to sue and be sued in the courts of this State as a domestic corporation; and as the place of its residence as defined by statute is the county of Pasquotank, the plaintiff had the right to bring its suit in that county. The judgment is

Reversed.