J. T. FLYTHE, TRUSTEE OF THE ESTATE OF RODERICK DAVENPORT, BANKRUPT, v. S. A. WILSON.

(Filed 19 March, 1947.)

1. Venue § 2c—

Upon motion for change of venue as a matter of right on the ground that the action is to recover a statutory penalty or forfeiture growing out of matters and transactions which occurred in another county, the denial of the motion will not be held for error where the complaint fails to show in what county the alleged cause of action arose and there is no finding or request for finding in respect to this fact. G. S., 1-77.

2. Appeal and Error § 40d—

Where the judgment does not set forth a finding of a material fact, and there is no request for such finding, it will be presumed that the court found facts sufficient to support the judgment.

3. Venue § 2d—

G. S., 1-76 (4), requiring that actions for the recovery of personal property be tried in the county in which the subject of the action, or some part thereof, is situated, applies only to actions for the recovery of specific tangible articles of personal property and not to actions for monetary recovery.

4. Venue § 1b: Bankruptcy § 5—

USCA 11, Sec. 46 (b), relates solely to jurisdiction and does not preclude a trustee in bankruptcy from instituting suit in a county otherwise appropriate.

APPEAL by defendant from Olive, Special Judge, at November Special Term, 1946, of WAYNE.

Civil action to recover on two alleged causes of action (1) for usurious payments and penalty therefor, and (2) amount paid by bankrupt as voidable preference, heard upon motion of defendant for change of venue as a matter of right.

These facts are alleged in the complaint filed by plaintiff:

(1) Plaintiff, J. T. Flythe, is the duly elected, appointed, qualified and acting Trustee of the Estate of Roderick Davenport, duly adjudged bankrupt in an involuntary proceeding in bankruptcy in the United States District Court of the Eastern District of North Carolina, New Bern Division, and causes of action exist in his favor as such Trustee against defendant for the recovery (a) of a certain sum of money, as penalty for usury, and (b) of a certain sum of money due the bankrupt's estate by reason of payments of money to defendant constituting unlawful and voidable preference.

(2) Plaintiff, a resident of the County of Wayne, brings this action in said county, against defendant, a resident of the County of Craven, all in the State of North Carolina.

Defendant, before time for answering expired, moved the court for the removal of this action from the Superior Court of Wayne County, to and for trial in the Superior Court of Craven County as a matter of right for that Craven County is the proper venue for the trial of the action in that: (a) Defendant and Roderick Davenport, bankrupt, are residents of Craven County, and the proceeding in bankruptcy is in the United States District Court for the Eastern District of North Carolina of New Bern in the New Bern Division; (b) under the Acts of Congress, especially Title II, Section 46, reading, "Suits by the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title has not been instituted, unless by consent of the defendant, except as provided in Sections 96, 107 and 110 of this title," the venue of this action by the trustee in bankruptcy is in Craven County in that, if instituted by the bankrupt, the action would properly be brought in said county; and (c) the complaint, on its face, shows that (1) the first cause of action being for "recovery of a penalty or forfeiture, imposed by statute," growing out of matters and transactions alleged to have occurred in Craven County, and under provisions of G. S., 1-77, must be tried there, and (2) the second cause of action being for recovery of personal property, situated in Craven County, and under provisions of G. S., 1-76, must be tried there.

Defendant further set forth as part of his motion that the alleged causes of action, if any, arose in Craven County, North Carolina, and the convenience of witnesses, and the ends of justice would be promoted by such removal.

Upon the hearing of the motion for removal, the Clerk of Superior Court, finding that "plaintiff, J. T. Flythe, Trustee of the Estate of Roderick Davenport, bankrupt, is a resident of Wayne County, North Carolina," and that this action "is properly instituted in Superior Court of Wayne County," entered judgment denying the motion. And, on appeal therefrom, the Judge of Superior Court, upon like findings, entered like judgment. Defendant appeals therefrom to Supreme Court, and assigns error.

*J. A. Jones, H. P. Whitehurst, and R. E. Whitehurst for plaintiff, appellee.*
*L. T. Grantham and W. H. Lee for defendant, appellant.*

WINBORNE, J. Defendant, as appellant, assigns as error only the action of the judge below in rendering judgment denying motion of defendant for the removal of the action from the Superior Court of Wayne County to, and for trial in the Superior Court of Craven County. Upon the record, however, as it comes to this Court, it does not appear that there is error in the judgment rendered.

Defendant argues with force and merit (1) that an action for the recovery of a penalty or forfeiture, imposed by statute, must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of the trial, G. S., 1-77, and (2) that the forfeiture of interest, and the penalty for usury are imposed by statute. G. S., 24-2. *All v. Mtge. Co.,* 104 S. C., 239, 88 S. E., 529; *Norman v. Campbell* (Okla.), 108 P. (2d), 789.

Even so, the record on this appeal fails to show in what county the cause of action arose. It is true that defendant sets forth in his motion, as a ground for removal, that the complaint shows that the first alleged cause of action, upon which plaintiff seeks to recover, is for the "recovery of a penalty or forfeiture, imposed by statute," growing out of matters and transactions alleged to have occurred in Craven County, where the alleged cause of action, if any, arose. But an inspection of the complaint fails to show in what county the alleged cause of action arose, and neither the Clerk nor the Judge, in passing upon the motion in the court below, makes any finding in that respect. Moreover, the record presents no exception to the failure of the Clerk, or of the Judge to make such finding. Hence, in the absence of any finding in that respect, it will be presumed that the Clerk and the Judge in finding that Wayne County is the proper venue for the action, found facts sufficient to support the judgment.

Defendant also contends that the second cause of action is for the recovery of personal property within the meaning of G. S., 1-76 (4), which provides that actions for the recovery of personal property must

be tried in the county in which the subject of the action, or some part thereof, is situated, subject to power of the court to change the place of trial. It will be noted, however, that the second cause of action is not for the recovery of specific tangible articles of personal property. Hence, the provisions of G. S., 1-76 (4), are inapplicable.

Defendant further contends that under the provisions of USCA 11, Section 46, subsection (b), suits by the trustee shall be brought and prosecuted only in the courts where the bankrupt might have brought or prosecuted them if the proceeding under the statute had not been instituted, and that, hence, the bankrupt not being a resident of Wayne County, the trustee could not have instituted the action there. A reading of the whole section indicates that the above statute relates to matters of jurisdiction, and not venue, and merely authorizes the trustee to sue in the State courts.

Let it be noted that it does not appear that the court passed upon that part of the motion for removal of the action for convenience of witnesses, etc. Hence, decision here is without prejudice thereto.

For causes stated the judgment below is

Affirmed.