THE BRANCH BANKING & TRUST COMPANY, ADMINISTRATOR OF THE
ESTATE OF W. C. AYCOCK, DECEASED, v. HORACE FINCH.

(Filed 11 October, 1950.)

**1. Venue § 1b—**

G.S. 1-82 governs the venue of actions instituted by an executor or
administrator in his official capacity.

**2. Venue §§ 1a, 1b—**

The residence of a corporate executor or administrator for the purpose
of determining venue of an action instituted by it, like that of other
domestic corporations, is the county in which it maintains its principal
office, G.S. 1-79, and not the county of its qualification.

**3. Same—**

A corporate administrator instituted suit in the county of its qualifica-
tion and in which it maintained a branch office, against a defendant who
was a resident of another county in which the corporate administrator
maintained its principal office. *Held:* The action was properly removed
upon motion to the county in which the corporate administrator maintained
its principal office and in which defendant resides. G.S. 1-79.

APPEAL by plaintiff from *Halstead, Special Judge,* at March Term,
1950, of WAYNE.

Civil action instituted in the Superior Court of Wayne County to
recover damages for the wrongful death of plaintiff's intestate.

The plaintiff, Branch Banking & Trust Company, is a banking corpo-
ration, duly authorized to act in a fiduciary capacity, with its principal
office in Wilson County, North Carolina.

Plaintiff's intestate was killed in the City of Wilson, on 1 January,
1950, in a collision between his car and the car of the defendant.

W. C. Aycock was a resident of Wayne County at the time of his death,
and Branch Banking & Trust Company qualified as administrator of his
estate in said county.

The defendant is a resident of Wilson County.

In apt time the defendant filed a motion requesting that the action
be removed as a matter of right to Wilson County. The motion was denied
by the Clerk of the Superior Court, but granted upon appeal to the
Judge of the Superior Court. Thereupon the plaintiff appealed to the
Supreme Court and assigns error.

*Paul B. Edmundson, Fred P. Parker, James N. Smith, and Dees &
Dees for plaintiff.*

*Connor, Gardner & Connor for defendant.*

DENNY, J.  This Court held in *Whitford v. Ins. Co.*, 156 N.C. 42, 72 S.E. 85, that since no provision had been made elsewhere designating the place of trials of actions instituted by administrators, the proper place for the trial of such actions was governed by the provisions contained in Section 424 of the Revisal (now G.S. 1-82), the pertinent part of which reads as follows: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any one of them reside, at its commencement . . ."

Since the plaintiff and the defendant are residents of Wilson County, such county is the proper venue for the trial of this case. *Rankin v. Allison,* 64 N.C. 673; *Biggs v. Bowen,* 170 N.C. 34, 86 S.E. 692; *Smith-Douglass Co. v. Honeycutt,* 204 N.C. 219, 167 S.E. 810; *Lawson v. Langley,* 211 N.C. 526, 191 S.E. 229, 111 A.L.R. 163.

In an action brought by a fiduciary, the personal residence of the fiduciary determines the place of venue, and not the county where he qualified. *Smith v. Patterson,* 159 N.C. 138, 74 S.E. 923; *Biggs v. Bowen, supra; Indemnity Co. v. Hood, Comr.,* 225 N.C. 361, 34 S.E. 2d 204. While an executor or administrator must be sued in his official capacity in the county where he qualified, *Wiggins, Admr., v. Trust Co., ante,* 391, he may bring an action in the county where he resides, or in the county where the defendant resides, although neither may reside in the county in which he qualified. McIntosh, N. C. Practice & Procedure, Section 288, p. 271.

The residence of a domestic corporation for the purpose of suing and being sued is in the county in which it maintains its principal office. G.S. 1-79; *Roberson v. Lumber Co.,* 153 N.C. 120, 68 S.E. 1064; *Oil Co. v. Fertilizer Co.,* 204 N.C. 362, 168 S.E. 411. And the contention of the appellant that it has the right to select as the forum for the trial of this action the county where it qualified, and in which it maintains a branch office, will not be upheld. The maintenance of a branch office in Wayne County does not make the Branch Banking & Trust Company a resident of that county for the purpose of suing and being sued. G.S. 1-79.

The judgment of the court below is

Affirmed.