JAMES W. DAVIS v. JACK D. SMITH

No. 7426SC602

(Filed 20 November 1974)

Venue § 5— specific performance of contract to sell stock — no removal to county where certificates located

An action for specific performance of a contract to sell plaintiff certain corporate stock was not removable as a matter of right under

G.S. 1-76(4) to the county where the stock certificates are actually located, since the primary relief sought is specific performance of contract rights and recovery of the stock certificates is only incidental to that relief.

APPEAL by defendant from *Copeland, Judge,* 13 May 1974 Session of Superior Court held in MECKLENBURG County. Argued before the Court of Appeals 15 October 1974.

On 24 April 1974 the plaintiff commenced this action seeking specific performance of an agreement of 18 May 1971 which obligated the defendant to sell to the plaintiff his stock in Cloverdale Ford, Inc., if the defendant were discharged for unsatisfactory performance of his duties as president and general manager of the corporation. The plaintiff also prayed that a preliminary injunction be issued by the court, pending a final hearing, restraining the defendant from selling, encumbering, or otherwise transferring or disposing of the stock. The plaintiff is the owner of 20.5 percent of the issued and outstanding common capital stock of Cloverdale Ford, Inc.; the defendant is the owner of 14.5 percent of the said stock. Pursuant to the terms of the 18 May 1971 agreement, and upon the defendant's discharge, the plaintiff duly tendered payment of $66,305.31 to the defendant for his stock. The defendant rejected this tender.

On 10 May 1974 the defendant filed a motion for a change of venue from Mecklenburg County to Forsyth County pursuant to G.S. 1-83(1). Defendant contends that G.S. 1-76(4) provides for the action to be tried in Forsyth County, the county wherein the stock certificates are located. Attached to the motion is the affidavit of Herman Shamel, an officer of Wachovia Bank and Trust Company, N.A., stating that the stock certificates have been located in Winston-Salem, Forsyth County, since 6 June 1973.

On 13 May 1974 Judge Copeland heard the cause and entered an order finding

"that plaintiff is a resident of Mecklenburg County; that defendant is a resident of Davie County; that plaintiff's action does not solely or primarily seek the recovery of tangible personal property; that defendant's stock interest in Cloverdale Ford, Inc. and the stock certificate representing such interest is intangible personal property; that the delivery of such stock certificate to plaintiff is only incidental to the specific performance relief sought by plain-

tiff; that Mecklenburg County is the county of proper venue; that Forsyth County is not the county of proper venue even if the stock certificate owned by defendant is now physically at a bank in said county; and that defendant's motion should be denied because he is not entitled to remove this action as a matter of right; . . ."

The defendant gave notice of appeal to this Court, excepting to the trial court's finding that the defendant was not entitled to remove the action to Forsyth County as a matter of right.

*Caudle, Underwood & Kinsey, by C. Ralph Kinsey, Jr., for the plaintiff-appellee.*

*Hatfield and Allman, by R. Bradford Leggett, for the defendant-appellant.*

BROCK, Chief Judge.

Defendant relies upon G.S. 1-76(4) for removal of this action to Forsyth County. G.S. 1-76(4) provides that

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law: . . . (4) Recovery of personal property when the recovery of the property itself is the sole or primary relief demanded."

There are no cases in North Carolina which apply G.S. 1-76(4) to stock certificates. The defendant contends that the fact that stock certificates are specifically identifiable as personal property, the fact that Cloverdale Ford, Inc., is situated in Forsyth County, and the fact that there is no forum shopping involved in this action should dictate a change of venue to Forsyth County pursuant to the provisions of G.S. 1-76(4) and G.S. 1-83(1).

The plaintiff asserts that the primary relief sought by this action is the specific performance of contract rights; the delivery of the stock certificates is said to be only incidental to that relief. The plaintiff relies on the cases of *Woodard v. Sauls,* 134 N.C. 274, 46 S.E. 507 (1904), and *Flythe v. Wilson,* 227 N.C. 230, 41 S.E. 2d 751 (1947), as being analogous to and determinative of the question on appeal. In *Woodard* an action was brought in Wilson County for the recovery of monies

and for possession, by ancillary proceeding of claim and delivery, of certain promissory notes owing to the defendant. The defendant had given the notes to the plaintiff as security for a loan and subsequently had recovered the notes. The defendant filed an affidavit averring that he was a resident of Johnston County, that the notes were situated in Johnston County, and moved for a change of venue on the theory that the action was for the recovery of personal property. The trial court denied the motion. On appeal the court affirmed the ruling on the ground that the action was not for the recovery of personal property. The court found that obtaining personal judgment for the plaintiff, determining the liability incurred by the plaintiff as surety, and an adjudication of the collaterals that should be applied thereto were the chief causes of action. Recovery of possession of the collateral notes was only incidental. In *Flythe* the defendant filed a motion for change of venue on similar grounds in a second cause of action to recover monies paid by the bankrupt to the defendant as a voidable preference. The court found that the trial court's denial of the venue motion was proper, as the action was "not for the recovery of specific *tangible* articles of personal property." 227 N.C. at 233 (emphasis supplied). Due to the involvement of other important considerations, these cases, although helpful, are not dispositive of the question on appeal.

A certificate of stock, as distinguished from the stock it represents, is undoubtedly property. *See generally* 11 Fletcher Cyc Corp (Perm Ed), § 5093; *First Nat. Bank of Boston v. Commissioner of Internal Revenue*, 63 F. 2d 685 (1st Cir. 1933). It has a value distinct from the value of the shares it represents. In North Carolina it has been held that a certificate of stock has only such value as is derived from the company issuing it. *Rhode Island Hospital Trust Co. v. Doughton*, 187 N.C. 263, 121 S.E. 741 (1924).

Although certificates of stock are tangible personal property, they are merely tangible evidence of the shares they represent. They are, in short, a symbol of a stockholder's incorporeal rights in a corporation. *Castelloe v. Jenkins*, 186 N.C. 166, 119 S.E. 202 (1923). *See generally* Robinson, North Carolina Corporation Law and Practice, § 61 (1964). For this reason and for reasons of policy, we are not persuaded that certificates of stock represent the kind of personal property which would require a change of venue under G.S. 1-76(4) and G.S. 1-83(1).

Davis v. Smith

We are aware, however, that certain federal cases have held stock certificates "to be such property as would support jurisdiction through substituted service in an action to determine the ownership of the stock . . . in the district where the stock certificates are located." Christy and McLean, The Transfer of Stock, § 12 (1940).

We believe stock certificates to be a kind of intangible, the situs of which is merely the legal conclusion to the problem of which county "can most expeditiously handle the particular case and should, therefore, have . . . jurisdiction." Comment, 37 Minn. L. Rev. 285, 286 (1953). The question is best answered in terms of policy. In the hypothetical case of an action to enforce a preincorporation agreement concerning contingent forfeiture of shares in a four stockholder closed corporation, with each shareholder living in a different county, the most convenient venue is in the county of plaintiff's domicile, the county of incorporation, or the county of corporate domicile. The first is convenient to the aggrieved party; the latter two are convenient due to the presence of corporate records. To hold that G.S. 1-76(4) requires the action to be brought in the county wherein the stock certificates are located would require the aggrieved plaintiff to bring three separate actions in the counties where the other three shareholders have their certificates. *See generally* Comment, 37 Minn. L. Rev. 285 (1953). *But see* Hine, 87 U. Pa. L. Rev. 700 (1939); Comment, 45 Yale L. J. 379 (1935). Similarly, a plaintiff who filed a suit in Wake County against a resident of Durham County could have the action removed to Cherokee County if the defendant chose to place his certificates of stock in that county.

We do not sanction a rule which obviously would be unfair and inconvenient to aggrieved parties and which would raise serious impediments to the right to sue. The action for the recovery of stock certificates in the case at bar is only incidental to the specific performance action for recovery of the stock itself. The defendant's assignment of error to the trial court's finding that Forsyth County is not the county of proper venue is without merit.

Affirmed.

Judges PARKER and MARTIN concur.