JACK E. KLASS, ADMINISTRATOR, C.T.A. OF THE ESTATE OF JAMES L. MOORE, DECEASED v. ROBERT G. HAYES AND KANNAPOLIS PUBLISHING COMPANY

No. 7522SC988

(Filed 16 June 1976)

1. Appeal and Error § 6; Venue § 9— ruling on change of venue as matter of right — right to appeal

Appeal from a ruling on a motion for a change of venue as a matter of right is not premature.

2. Venue § 5— action to rescind sale of stock — no removal to county where stock located

An administrator's action to rescind a contract of sale of stock on grounds of mental incapacity of decedent and breach of fiduciary obligation by the individual defendant, or in the alternative to recover damages for breach of the fiduciary duty, is not removable as a matter of right under G.S. 1-76(4) to the county where the stock certificates are located since the primary relief sought is rescission of the contract of sale and recovery of the stock certificates is only incidental thereto.

3. Venue § 2— action by administrator

Under G.S. 1-82 an action by an administrator is properly brought in the county where the administrator resides rather than in the county where the decedent lived or in which the administrator qualified.

APPEAL by defendants from *Crissman, Judge.* Order entered 27 October 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 17 March 1976.

This is an appeal from an order denying a motion for change of venue.

Klass v. Hayes

James L. Moore, a resident of Cabarrus County, died 19 December 1973. The executor named in his will was disqualified. *In re Moore*, 25 N.C. App. 36, 212 S.E. 2d 184 (1975). Plaintiff, a resident of Davidson County, was appointed by the Clerk of Superior Court of Cabarrus County as Administrator c.t.a. of the estate of James L. Moore, deceased. As such, plaintiff brought this action in the Superior Court of Davidson County against Robert G. Hayes, a resident of Cabarrus County, and against Kannapolis Publishing Company, a North Carolina corporation having its principal place of business in Cabarrus County.

In his complaint plaintiff alleged that on 24 August 1973 the individual defendant, acting for himself and as agent for the corporate defendant, acquired from James L. Moore 1040 shares of the common capital stock of the corporate defendant for $928,000.00; that at the time of such acquisition said stock had a fair value of $2,275,000.00; and that because of age and excessive use of medication James L. Moore was not mentally competent; and that plaintiff had offered to return the consideration paid for the stock plus interest, but the offer was not accepted by defendants. In his first claim for relief plaintiff alleged that because of the lack of mental capacity of James L. Moore, "plaintiff is entitled to have the purported sale rescinded and set aside and recover from the defendants 1,040 shares, or their current equivalent, of the common capital stock of Kannapolis Publishing Company and to hold the defendants liable for all dividends or other gains, plus interest, received by them as a result of the acquisition of the stock of James L. Moore."

As a second claim for relief, plaintiff alleged that Robert G. Hayes occupied a fiduciary relationship toward James L. Moore, which relationship he breached by acquiring the stock for a grossly inadequate consideration, and for that reason plaintiff is entitled to have the sale rescinded and set aside. In the alternative, and as a third claim, plaintiff alleged that because of the breach of the fiduciary obligation owed by Hayes to Moore, plaintiff is entitled to recover damages in the amount of $1,347,000.00 plus interest.

In his prayer for relief, plaintiff prayed:

"(1) That the sale to the defendants be rescinded and set aside and that the plaintiff recover from the defendants

1,040 shares, or their current equivalent, of the common capital stock of Kannapolis Publishing Company:

> (2) That the plaintiff recover of the defendants all dividends and other gains, plus interest, received by the defendants from said stock."

In addition, plaintiff asked for an injunction *pendente lite* restraining defendants from disposing of the 1,040 shares acquired from James L. Moore pending the final determination of this action. In the alternative, plaintiff prayed to recover of the defendants the sum of $1,347,000.00.

In apt time pursuant to G.S. 1A-1, Rule 12(b)(3), defendants filed a motion for a change of venue from Davidson County to Cabarrus County as a matter of right. In support of this motion defendants filed an affidavit of an officer of the Cabarrus Bank and Trust Company that on 24 August 1973 Moore, Hayes, and the Bank entered into an escrow agreement under which 1,040 shares of common stock of Kannapolis Publishing Company were placed in escrow with the Bank, that the escrow agreement remained in effect, and that the certificates for 1,040 shares of said stock are now in possession of the escrow agent.

The court denied the motion, and defendants appealed.

*Walser, Brinkley, Walser & McGirt by Gaither S. Walser and Jordan, Wright, Nichols, Caffrey & Hill by Welch Jordan and G. Marlin Evans for plaintiff appellee.*

*E. T. Bost, Jr., and Williams, Willeford, Boger & Grady by John Hugh Williams for defendants appellants.*

PARKER, Judge.

[1] Defendants, contending that G.S. 1-76 applies, made their motion as a matter of right. Appeal from a ruling on a motion for a change of venue as a matter of right is not premature. *Coats v. Hospital,* 264 N.C. 332, 141 S.E. 2d 490 (1965) ; *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77 S.E. 770 (1913).

Insofar as pertinent to this appeal, G.S. 1-76 provides:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part

thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:

\*    \*    \*

(4) Recovery of personal property when the recovery of the property itself is the sole or primary relief demanded."

Defendants contend that this is an action for recovery of personal property in which recovery of the property itself is the primary relief demanded, that the property is situated in Cabarrus County, and that under G.S. 1-76 (4) they are entitled to have the action removed to Cabarrus County. We do not agree.

In *Davis v. Smith*, 23 N.C. App. 657, 209 S.E. 2d 852 (1974), we held that an action for specific performance of a contract to sell plaintiff certain corporate stock was not removable as a matter of right under G.S. 1-76 (4) to the county where the stock certificates were located, since the primary relief sought was specific performance of contract rights and recovery of the stock certificates was only incidental to that relief. We find that decision controlling on the present appeal.

[2] Analysis of plaintiff's complaint reveals that this is primarily an action for rescission of a contract, brought on the grounds of mental incapacity of one of the parties and breach of fiduciary obligation on the part of the other. In the alternative, plaintiff seeks damages for breach of the fiduciary duty. The subject of this action, therefore, is a contract which plaintiff seeks to set aside, or, in the alternative, it is a fiduciary relationship which plaintiff alleges existed and was breached and for which he seeks monetary damages. Primarily, plaintiff seeks rescission of the contract, with all that rescission entails by way of placing the parties back into the position they would occupy had the contract never been made. Only if plaintiff establishes his right to rescission will he be entitled to have the estate which he represents restored to a position as stockholder in the defendant corporation, and only then will he be entitled, as an incident to the primary relief sought, to recover shares of stock in defendant corporation and to receive the physical certificates evidencing those shares. Thus, recovery of personal property is neither the sole nor is it the primary relief demanded, and G.S. 1-76 (4) is not here controlling.

[3] Venue in this case is controlled by G.S. 1-82 which provides, in pertinent part: "In all other cases the action must be

tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement. . . " Under this statute an action by an administrator is properly brought in the county where the administrator resides rather than in the county where the decedent lived or in which the administrator qualified. *Trust Co. v. Finch,* 232 N.C. 485, 61 S.E. 2d 377 (1950).

The order appealed from is

Affirmed.

Judges BRITT and CLARK concur.