CLAUDE F. SMITH, JR. v. JOSEPH Y. MARINER AND MARY ANNE B. MARINER

No. 8520SC288

(Filed 29 October 1985)

1. **Appeal and Error § 6.3; Venue § 9— denial of venue change as matter of right—appeal not premature**

    Appeal from the denial of a motion for change of venue as a matter of right pursuant to G.S. 1-76(4) was not premature.

2. **Venue § 5— recovery of stock certificates—change of venue not required**

    Stock certificates are not the kind of personal property which would require a change of venue under G.S. 1-76(4) and G.S. 1-83(1) to the county where the certificates are located.

3. **Venue § 8— change for convenience of witnesses and ends of justice—insufficient showing**

    Defendant failed to show that the convenience of the witnesses and the ends of justice required the trial court to change venue from Richmond County where plaintiff resided to Mecklenburg County where all the attorneys and all the witnesses except plaintiff resided. G.S. 1-83(2).

4. **Rules of Civil Procedure § 52— ruling on motion—necessity for findings**

    The trial court is required to make findings of fact in ruling upon a motion only when requested by a party. G.S. 1A-1, Rule 52(a)(2).

APPEAL by defendant Mary Anne B. Mariner from *Helms, Judge.* Order entered 8 October 1984 in RICHMOND County Superior Court. Heard in the Court of Appeals 17 October 1985.

Plaintiff instituted this action alleging that he entered into an agreement with defendant Joseph Y. Mariner in which they agreed that plaintiff would provide funds to defendant Joseph Mariner to enable Mariner to purchase stock in Ruddick Corporation. He also alleged that the stock was to be registered in the name of defendant Joseph Mariner, subject to an agreement that the stock would be transferred to plaintiff or his nominees on demand or upon the termination of the employment of Mariner by Ruddick Corporation or its subsidiaries. Plaintiff further alleged that defendants have refused his demand for the stock certificates. In his prayer for relief, he sought to recover stock certificates purchased by defendants under the terms of the agreement; to require defendants to render an accounting; to recover the fair market value of any shares of Ruddick Corporation stock pur-

chased pursuant to the agreement and sold or otherwise disposed of by defendants; and to restrain defendants from disposing of the stock.

Defendants filed separate answers and separately moved, pursuant to N.C. Gen. Stat. §§ 1-76(4), 1-83(1) & (2) (1983), and N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) of the Rules of Civil Procedure, for a change of venue to Mecklenburg County, where both defendants resided and where the stock certificates were located. The court denied the motions for change of venue. From the denial of her motion, defendant Mary Anne B. Mariner, the wife of defendant Joseph Mariner, appealed.

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, by James D. Monteith, for plaintiff.*

*Richard F. Harris, III for defendant Mary Anne B. Mariner.*

WELLS, Judge.

[1, 2] Preliminarily we note that appellant is appealing from an interlocutory order, but since she is appealing from the denial of a change of venue as a matter of right pursuant to G.S. 1-76(4), her appeal is not premature. *Klass v. Hayes*, 29 N.C. App. 658, 225 S.E. 2d 612 (1976); *see also DesMarais v. Dimmette*, 70 N.C. App. 134, 318 S.E. 2d 887 (1984).

G.S. 1-76 provides in pertinent part:

> Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated . . . (4) Recovery of personal property when the recovery of the property itself is the sole or primary relief demanded.

Appellant argues that the recovery of the stock certificates is the sole or primary relief demanded in plaintiff's complaint; therefore, under G.S. 1-76(4), the action must be tried in Mecklenburg County where the stock certificates are located. We disagree.

The facts of the present case are remarkably similar to those of *Davis v. Smith*, 23 N.C. App. 657, 209 S.E. 2d 852 (1974). In that case, the plaintiff sought specific enforcement of an agreement in which the defendant was obligated to sell to the plaintiff his stock in a corporation if the defendant were discharged for unsatisfac-

Smith v. Mariner

tory performance of his duties as president and general manager of the corporation. Defendant, contending that G.S. 1-76(4) required the action to be tried in the county where the stock certificates were located, filed a motion for a change of venue pursuant to G.S. 1-83(1). In affirming the denial of the motion, we observed that stock certificates, while tangible personal property, were merely tangible evidence, or symbols, of the shares they represent. For that reason and policy reasons, we concluded that stock certificates were not the kind of personal property which would require a change of venue under G.S. 1-76(4) and G.S. 1-83(1). We held that the action for the recovery of the stock certificates was incidental to the specific performance action for the recovery of the stock itself. *Accord, Klass v. Hayes, supra.* We agree with the reasoning of the opinion in *Davis v. Smith* and find it to be controlling in the present case.

[3] Appellant also contends that the court erred in failing to remove the action to Mecklenburg County pursuant to G.S. 1-83 (2). She argues that since all of the witnesses except plaintiff, and all of the attorneys reside in Mecklenburg County, the convenience of witnesses and the ends of justice would be better served if the matter were tried in Mecklenburg County rather than in Richmond County, one hour and thirty minutes away. It is well settled that a court's decision upon a motion for a change of venue pursuant to G.S. 1-83(2) will not be disturbed absent a showing of a manifest abuse of discretion. *Cooperative Exchange v. Trull*, 255 N.C. 202, 120 S.E. 2d 438 (1961); *Construction Co. v. McDaniel*, 40 N.C. App. 605, 253 S.E. 2d 359 (1979). In the absence of a showing that the ends of justice demand a change of venue, or that the denial of the motion will deny appellant a fair trial, we find no abuse of discretion by the trial court.

[4] Appellant lastly contends that the court erred in failing to make findings of fact in ruling upon the motion. A trial court, however, is required to make findings of fact in deciding a motion only when requested by a party. N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) of the Rules of Civil Procedure. We can find no such request in this record.

The order appealed from is

Affirmed.

Judges ARNOLD and MARTIN concur.