This action was begun on 24 August, 1931, by a petition filed by the plaintiffs in the Superior Court of Washington County, in accordance *Page 345 
with the provisions of chapter 102, Public Laws of North Carolina, Session 1931, known as "The Uniform Declaratory Judgment Act." The relief prayed for by the plaintiffs is a declaratory judgment determining their rights on the facts alleged in their petition.
In response to citations duly served on them, the defendants filed answers to the petition. No issue of fact was raised by said answers; only issues of law were raised by the pleadings.
It appeared from the pleadings that there was a controversy between the parties to the action with respect to the rights of the plaintiffs under a deed executed by the defendant, Virginia-Carolina Joint Stock Land Bank, by which the said bank conveyed the land described therein to the plaintiffs. This deed is dated 1 April, 1930. It was duly recorded in the office of the register of deeds of Washington County on 24 July, 1930. The tract of land conveyed by this deed contains 600 acres, more or less, and is a part of the W. T. Alexander Farm, which was owned by the defendant, Virginia-Carolina Joint Stock Land Bank. This farm contained 1,200 acres, more or less.
On 27 January, 1930, the defendant, Virginia-Carolina Joint Stock Land Bank, entered into a contract in writing with its codefendant, W. T. Phelps, by which it agreed to sell and convey a part of said Alexander Farm, containing 600 acres, more or less, to the said defendant, upon the terms and conditions set out in said contract. This contract was not recorded at the date of the deed from the said bank conveying to the plaintiffs the remaining part of said Alexander Farm.
The W. T. Alexander Farm lies between Lake Phelps and the Scuppernong River, in Washington County. It is drained from the lake to the river by the Mountain Canal. This canal traverses said farm, practically dividing it into two parts. Lateral ditches and drainways have been constructed by which water is carried from the farm into the canal, and thence into Scuppernong River. The canal and these ditches and drainways constitute a common drainage system for the Alexander Farm.
The contract between the defendant, Virginia-Carolina Joint Stock Land Bank, and its codefendant, W. T. Phelps, dated 27 January, 1930, and not recorded at the date of the deed from the defendant bank to the plaintiffs, contains the following stipulations, with respect to the Mountain Canal:
"(a) That the main road along the Mountain Canal is to be at all times kept open for the benefit of the aforesaid tract of land, and the remainder of said Alexander Farm owned by said bank, but gates may be placed across the same.
(b) That said Mountain Canal is to at all times remain open, the expense of keeping the same in condition to be borne by the owner or *Page 346 
owners of the aforesaid tract of land, and the owner or owners of the remainder of said Alexander Farm, said expense to be in proportion to the number of acres of the aforesaid tract and of the remainder of said tract draining into said canal, but the above described tract to be conveyed to the said Phelps is only to be charged with the proportionate part of the upkeep of said canal from the first cross-ditch north of the south line of said tract to Scuppernong River, and the said bank, or any owner or owners of the said Alexander lands shall have the right to go through the lands herein contracted to be sold for the purpose of keeping in repair the said Mountain Canal up to the point to which said Phelps lands are to participate in the upkeep. The repairs and upkeep of said Mountain Canal shall be made by the owner or owners of the aforesaid 600-acre tract, and the owner or owners of the remainder of said Alexander Farm, and if either should decline to pay his part of said repairs, then either party may make said repairs upon giving sixty days written notice to the other party and such portions of such expense as may be chargeable to the party refusing, shall, upon reduction to judgment, constitute a lien upon the lands of the refusing party, which lien shall be superior to all others.
(c) No lands other than the above tract of 600 acres, and the remainder of the said Alexander Farm now owned by said bank shall be allowed to drain in the said Mountain Canal and at no time shall said canal be flooded by water from Lake Phelps, nor shall the waters of said lake be turned through said canal."
The deed from the defendant, Virginia-Carolina Joint Stock Land Bank, to the plaintiffs, dated 1 April, 1930, and duly recorded on 24 July, 1930, contains the following covenants and stipulations:
(a) That the grantees shall have the right of ingress and egress over and along the main road which parallels the Mountain Canal north of the lands above described, which right and privilege shall extend to the said grantees and their successors in title, subject, however, to the right of the owner, or owners, of that portion of the Alexander Farm lying north of the lands above described, to maintain gates across said road.
(b) The lands herein conveyed shall have the right to drain through said Mountain Canal, which said canal is at all times to remain open, the expense of keeping the same in condition to be borne by the owner, or owners of the lands herein conveyed, and the owner, or owners of the remainder of said Alexander Farm, said expense to be in proportion to the number of acres herein conveyed draining into said canal, and of the remainder of said Alexander Farm draining in said canal; and the said grantees and their successors in title, shall have the right to go through that portion of the Alexander Farm situated north of the lands *Page 347 
herein conveyed, for the purpose of keeping in repair the said Mountain Canal. The repairs and upkeep of said Mountain Canal shall be made by the grantees and their successors in title and by the owner, or owners of the remainder of said Alexander Farm, and if either should decline to pay his or their part of said repairs, then either party may make said repairs upon giving sixty days written notice to the other party, and such portion of such expense as may be chargeable to the party refusing shall, upon reduction to judgment, constitute a lien upon the lands of the refusing party, which lien shall be superior to all others.
(c) No lands other than those herein conveyed and the remainder of said Alexander Farm, shall be allowed to drain into said Mountain Canal, and at no time shall said canal be flooded by water from Lake Phelps nor shall the waters of said lake be turned through said canal.
(d) It is intended by this conveyance to give and convey to the grantees and their successors in title, the same use and privilege with respect to said Mountain Canal as formerly owned and enjoyed by the said W. T. Alexander, expressly reserving, however, the same use and privilege for the benefit of the remainder of said Alexander Farm, all subject to the conditions heretofore specified."
The plaintiffs contended that the stipulations contained in their deed with respect to the Mountain Canal are covenants which run with the land conveyed to them by said deed, and that said covenants are binding upon their grantor, Virginia-Carolina Joint Stock Land Bank, and upon all persons claiming title under said bank to any part of the Alexander Farm, subsequent to the registration of their deed. The defendant, W. T. Phelps, contended that said stipulations are not covenants running with the land now owned by the plaintiffs, and that said stipulations and covenants are not binding upon him by virtue of the contract entered into on 27 January, 1930, by and between him and his codefendant with respect to the land described in said contract.
The court was of opinion that the stipulations contained in the deed from the defendant, Virginia-Carolina Joint Stock Land Bank, to the plaintiffs are covenants running with the land conveyed by said deed, and that said covenants and stipulations are binding upon the defendant, Virginia-Carolina Joint Stock Land Bank and upon the defendant, W. T. Phelps, who claims an interest in a portion of the Alexander Farm under the contract dated 27 January, 1930, which was not recorded at the date of the deed from said bank to the plaintiffs.
In accordance with this opinion, it was ordered, considered and adjudged by the court:
(a) That the plaintiffs shall, at all times, have the right of ingress and egress over and along the main road which parallels said Mountain *Page 348 
Canal north of the lands described in their deed, which right and privilege shall extend to the plaintiffs and their successors in title, subject, however, to the right of the owner, or owners, of that portion of the Alexander Farm lying north of the lands described in said deed, to maintain gates across said road.
(b) The plaintiffs shall, at all times, have the right to drain through said Mountain Canal, which canal is at all times to remain open, the expense of keeping the same in condition to be borne by the plaintiffs, or their successors in title, and the owner, or owners, of the remainder of said Alexander Farm, said expenses to be in proportion to the number of acres conveyed to the plaintiffs, which drain into said canal, and of the remainder of said Alexander Farm draining in said canal, and the plaintiffs and their successors in title shall have the right to go through that portion of the Alexander Farm situated north of the lands purchased by them, for the purpose of keeping in repair the said Mountain Canal. The repairs and upkeep of said Mountain Canal shall be made by the plaintiffs and their successors in title, and by the owner, or owners, of the remainder of said Alexander Farm, and if either shall decline to pay his or their part of said repairs, then either party may make said repairs upon giving sixty days written notice to the other party, and such portion of such expense as may be chargeable to the party refusing shall, upon reduction to judgment, constitute a lien upon the lands of the refusing party, which shall be superior to all others.
(c) It is further adjudged that no other lands than those described in the plaintiffs' deed, and the remainder of said Alexander Farm, shall be allowed to drain into said Mountain Canal, and at no time shall said canal be flooded by water from Lake Phelps nor shall the waters of said lake be turned through said canal.
(d) The plaintiff and their successors in title shall have the same use and privilege at all times with respect to said Mountain Canal as were formerly exercised and enjoyed by W. T. Alexander, the owner of the entire Alexander tract, expressly reserving, however, the same use and privilege for the benefit of those who own the remainder of said Alexander Farm, subject to the conditions hereinbefore specified.
"It appearing to the court that the number of acres, owned by the plaintiffs, and claimed by the defendant, Phelps, which drain into said Mountain Canal, have never been ascertained or agreed upon, and that it is necessary for that fact to be established, it is further ordered that a survey of said lands be made by some competent civil engineer, to be appointed by the court, and that he file with the court a map, showing the number of acres embraced within the plaintiffs' deed, which naturally or artificially drain, and have heretofore drained, into said *Page 349 
Mountain Canal, and also the number of acres covered by the defendants' contract, which drain, or have heretofore drained, into said canal, and thereupon judgment shall be entered fixing the rights of the parties, and the proportion to be paid by each towards the upkeep of said canal. It is further ordered that the costs of this action be taxed against the defendants.
"It is agreed that this judgment might be signed out of term time and out of the county, to have the same effect as if signed at term time and in the county; and the same is signed at Nashville, N.C. in the Second Judicial District, this 14 October, 1931.
HENRY A. GRADY, Judge Presiding."
From said judgment, the defendants appealed to the Supreme Court.
There was no error in the judgment in this action. It determines the mutual rights and liabilities of the parties to the action on the facts admitted in the pleadings, and is authorized by the provisions of chapter 102, Public Laws of North Carolina, Session 1931, known as "The Uniform Declaratory Judgment Act." This act is remedial; its purpose is to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations and is to be liberally construed and administered. It is so declared in section 12 of the act.
The stipulations contained in the deed from the Virginia-Carolina Joint Stock Land Bank to the plaintiffs, with respect to the Mountain Canal, are covenants which run with the land conveyed by said deed. Norfleet v.Cromwell, 64 N.C. 1. The plaintiffs, as grantees in said deed, have the right to use the Mountain Canal for the purpose of draining their land, and further have the right to require their grantor and all persons claiming title to the remainder of the Alexander Farm, subsequent to the registration of their deed, to contribute to the expense of maintaining said canal, as provided in said deed. This right is in the nature of an easement with respect to that part of the Alexander Farm which was not conveyed to plaintiffs. It is enforceable as provided in the deed against the grantor therein, and against all persons claiming title thereto under said grantor subsequent to the registration of the deed to the plaintiffs.
The contract entered into by and between the defendant, W. T. Phelps and his codefendant, Virginia-Carolina Joint Stock Land Bank, dated 27 January, 1930, was not registered at the date of the registration of *Page 350 
the deed under which plaintiffs claim title to the land conveyed to them. Plaintiffs are purchasers for value from the Virginia-Carolina Joint Stock Land Bank, not only of the land described in their deed, but also of the easements granted them with respect to the maintenance of the Mountain Canal. Plaintiffs are therefore not affected by said contract. C. S., 3309. The defendant, W. T. Phelps, claiming title to the land subject to plaintiff's easement, under an unregistered contract, holds such title subject to such easements.
Affirmed.