Coley v. Its Thundertime LLC, 2016 NCBC 53.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 3019

KIMBERLI M. COLEY,
           Plaintiff,

            v.

ITS THUNDERTIME LLC, RANDY P.
COLEY, and DIRECTV LLC,
           Defendants.

)
)
)
)
)
)
)
)
)

**OPINION AND ORDER**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court upon Defendant DIRECTV, LLC's ("DIRECTV") Motion to Dismiss or Stay Plaintiff's Action and for an Award of Attorneys' Fees under G.S. § 6-21.5 ("Motion to Dismiss"). On July 6, 2016, the Court held a hearing on the Motion to Dismiss.

THE COURT, after considering the Motion to Dismiss, the briefs in support of and in opposition to the Motion to Dismiss, and other appropriate matters of record, concludes that the Motion to Dismiss should be GRANTED, in part, for the reasons below.

*Bryant Law Group, PC by Matthew P. Ceradini for Plaintiff Kimberli M. Coley.*

*Bryant & Ivie, PLLC by John Walter Bryant and Amber Ivie for Defendant Its Thundertime, LLC.*

*Gordon & Rees, LP by Robert W. Shaw for Defendant Randy P. Coley.*

*Kilpatrick Townsend & Stockton, LLP by John M. Moye and Jeffrey H. Fisher for Defendant DIRECTV, LLC.*

McGuire, Judge.

INTRODUCTION

1.     In this lawsuit, Plaintiff Kimberli Coley ("Kimberli" or "Plaintiff") seeks a declaration that she is a member in and 50% owner of Defendant Its Thundertime, LLC ("Thundertime"). Kimberli alleges that her husband, Defendant Randy M. Coley ("Randy"), is a member and the owner of the other 50% of Thundertime. Plaintiff brings this action because Defendant DIRECTV, Inc. ("DIRECTV") is pursuing a $2.39 million judgment awarded against Randy in the federal lawsuit, *Sky Cable, LLC, et al., v. Randy Coley, et al.,* Case No. 5:11-CV-00048 (W.D. Va.) ("Virginia Action"). Kimberli was a defendant in the Virginia Action, but was dismissed from that case after she and Randy repeatedly stated under oath that Kimberli had no ownership or involvement in Thundertime, and that Randy was the sole owner of Thundertime. DIRECTV has filed a Motion for Supplemental Proceeding in the Virginia Action seeking to reach assets held by Thundertime in satisfaction of the judgment against Randy. In response to the motion, Randy is contending that DIRECTV should not be allowed to reach Thundertime's assets, in part, because they are jointly owned with Kimberli. That motion was argued in November, 2015, and a decision from the federal court is pending. In this lawsuit, DIRECTV has filed the Motion to Dismiss, contending that the Court should decline to issue a declaratory judgment and dismiss this action because the issue of the ownership of Thundertime is already pending before the federal court in the Motion for Supplemental Proceeding. Alternatively, DIRECTV requests that the Court stay this lawsuit until the federal court has ruled on the Motion for Supplemental Proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

2.     Kimberli and Randy have been married since 1994.[1] During their marriage they acquired a number of pieces of real property in North Carolina, including rental

---

[1] Complaint for Declaratory Judgment ("Compl.") ¶ 7.

property. The Complaint alleges Kimberli and Randy formed Thundertime in April 2008, as a Delaware limited liability company, and that each owned a 50% membership interest in Thundertime. Attached to the Complaint is an operating agreement for Thundertime allegedly executed on April 11, 2008, which provides that Kimberli and Randy each held a 50% membership interest in Thundertime.[2]

3. Shortly after the formation of Thundertime, Kimberli and Randy transferred the ownership in the real property owned by them to Thundertime. Despite the allegation that Kimberli already was a 50% member and owner[3], the Complaint alleges Kimberli "exchanged her property interest for a 50% Membership Interest in Thundertime."[4] The rental properties contributed to Thundertime were managed by management companies, but the Complaint alleges that Kimberli "was active in the acquisition, maintenance and record keeping for the properties."[5]

4. In October 2010, the Coley's "experienced marital discord" and their relationship "became very strained."[6] Subsequently, Randy "attempted to exert control over Thundertime by fabricating a substitute operating agreement which named [Randy] as the sole member" of Thundertime.[7] The Complaint alleges that Randy created the new operating agreement without Kimberli's consent.

5. In June of 2011, Sky Cable, LLC ("Sky Cable") sued Kimberli, Randy, East Coast Cable Vision, LLC ("East Coast Cable"), a business entity controlled by Randy, and DIRECTV in the aforementioned Virginia Action. The Virginia Action was assigned to United States District Court Judge Michael F. Urbanski. In the Virginia Action, Sky Cable alleged

---

[2] *Id.* Exh. B.
[3] *Id.* ¶ 10.
[4] *Id.* ¶ 13.
[5] *Id.* ¶ 14.
[6] Compl. ¶ 15.
[7] *Id.* ¶ 16.

that the defendants in that action were involved in the unauthorized publication of DIRECTV satellite television programming. In the Virginia Action, DIRECTV also raised cross-claims against Kimberli, Randy, and East Coast Cable.

6.     Kimberli alleges that in the Virginia Action "discovery evidence in the form of documents, depositions and testimony were given which called into question [Kimberli's] Membership Interest in Thundertime."[8]  The evidence to which she refers are Kimberli's and Randy's statements under oath that Kimberli had no ownership interest in Thundertime and that Randy was the sole owner of Thundertime.[9]  For example, Kimberli was asked by interrogatory to identify "any and all joint ventures, partnerships, or other business enterprises which [she has] been engaged in or [has] had any interest in either solely or jointly with others since June 1, 1999," and responded, "None."[10] In November 2012, Kimberli provided sworn responses to interrogatories that were served upon her by DIRECTV in the Virginia Action. DIRECTV specifically asked Plaintiff to "identify [her] interests in 'Its Thundertime LLC.'" In her sworn response, Plaintiff stated: "None."[11]  Finally, at a hearing held before Judge Urbanski on December 20, 2012, Kimberli testified under oath as follows:

Q: Are you familiar with a company called Its Thunder Time?

A: Yes, sir.

---

[8] *Id.* ¶ 21. These various "documents, depositions and testimony" to which Kimberli refers were not attached to the Complaint. They were, however, provided by DIRECTV in support of the Motion to Dismiss. The Court concludes that this discovery has been sufficiently identified and relied upon in the Complaint such that it can be considered in determining the Motion to Dismiss without converting that motion to one for summary judgment. *See Robertson v. Boyd*, 88 N.C. App. 437, 441, 363 S.E.2d 672, 675 (1988) ("Because these documents were the subjects of some of plaintiffs' claims and plaintiffs specifically referred to the documents in their complaint, they could properly be considered by the trial court in ruling on a motion under Rule 12(b)(6).")
[9] Moye Aff. (May 9, 2016), Exhs. D, E, F,G, and I.
[10] *Id.* Exh. D.
[11] *Id.* Exh. E.

Q: Do you have any ownership interest in it?

A: No sir.

THE COURT: What does Its Thunder Time do?

A: It's a corporation.

THE COURT: What does it do?

A: I don't know. [12]

7.      On July 11, 2013, Judge Urbanski granted Summary Judgment to DIRECTTV against Randy and East Coast Cable.  On January 23, 2014, Judge Urbanski entered a $2.39 million judgment against Randy and East Coast Cable.[13] The Complaint alleges that Kimberli "was not found to be at fault and was dismissed as [a] party with prejudice by stipulation" from the Virginia Action.[14]

8.      Following entry of the judgment in the Virginia action, DIRECTV began efforts to collect from Randy and his business entities, but has been unsuccessful. Accordingly, on September 11, 2015, DIRECTV filed a Motion for Supplemental Proceeding in the Virginia Action seeking "reverse veil piercing" in an effort to reach assets held by Thundertime. Randy has opposed the Motion for Supplemental Proceeding based, in part, on the claim that Kimberli is a 50% owner of Thundertime, and has filed in the Virginia Action a number of the same documents that are attached to the Complaint as support for Kimberli's alleged

---

[12] *Id.* Exh. I, p. 16:3-10.
[13] Kimberli alleges that Randy and East Coast Cable were "found at fault by partial summary judgment," but does not allege the amount of the judgment ultimately entered. That information was provided by DIRECTV in support of the Motion to Dismiss, and is included herein simply for background. This judgment was entered on DIRECTV's cross-claim against Randy and East Coast Cable. *See* Moye Aff. (May 9, 2016), Exh. J.
[14] Compl. ¶ 19.

ownership interest in Thundertime. On November 19, 2015, Judge Urbanski held a hearing on the Motion for Supplemental Proceeding, and a decision on the motion is pending.[15]

9. On March 4, 2016, Plaintiff Kimberli filed her Complaint in this matter asserting a single claim under the North Carolina Declaratory Judgment Act, G.S. § 1-253 *et seq.* Kimberli seeks a declaration that she is a member of and holds "a 50% Member Interest" in Thundertime. Kimberli alleges that DIRECTV, "through supplemental proceedings in the [Virginia Action], has seized upon this situation to assert a claim for reverse veil piercing against [Randy's] businesses, including Thundertime."[16] Kimberli alleges that DIRECTV's actions are based on "the erroneous assumption that [Randy] owns 100%" of Thundertime.[17] Based on the actions taken by DIRECTV in the Virginia Action, Kimberli asserts that her interest in Thundertime is "at risk of being unjustly and unfairly taken by [Randy] and DIRECTV."[18]

10. On May 9, 2016, DIRECTV filed the Motion to Dismiss seeking dismissal of this action in its entirety pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"). In the Motion to Dismiss, DIRECTV asks this Court to dismiss the Complaint pursuant to Rule 12(b)(6) or, alternatively, to stay this action pending the outcome of the Virginia Action. Both arguments are primarily based on DIRECTV's contention that the issues raised in Kimberli's Complaint are already pending before Judge Urbanski, and that given the lengthy litigation history and the prior representations made in the Virginia Action, it is the more appropriate forum for resolving the entire dispute between the parties, as opposed to proceeding "piecemeal" in this action.

---

[15] On November 23, 2015, DIRECTV filed a Supplemental Request for Appointment of Receiver to pursue Randy's assets, including Thundertime's assets, in the event that the Motion for Supplemental proceeding is granted.

[16] Compl. ¶ 23.

[17] *Id.*

[18] *Id.* ¶ 24.

DISCUSSION

11.     The Court, in deciding a Rule 12(b)(6) motion, treats the well-pleaded allegations of the complaint as true and admitted. *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). However, conclusions of law or unwarranted deductions of fact are not deemed admitted. *Id.* The facts and permissible inferences set forth in the complaint are to be treated in a light most favorable to the nonmoving party. *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986). The Court should grant a Rule 12(b)(6) motion when the complaint, on its face, reveals (a) that no law supports the plaintiff's claim, (b) the absence of facts sufficient to form a viable claim, or (c) some fact which necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986).

12.     Under North Carolina law, a declaratory judgment is a statutory remedy that grants a court the authority to "declare rights, status, and other legal relations," G.S. § 1-253, when an "actual controversy," exists between parties to a lawsuit. *Pine Knoll Shores v. Carolina Water Serv., Inc.,* 128 N.C. App. 321, 321, 494 S.E.2d 618, 618 (1998). A court may decline to enter a declaratory judgment or decree "where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding . . . ." G.S. § 1-257. This discretionary authority is properly exercised "when (1) the requested declaration will serve no useful purpose in clarifying or settling the legal relations at issue; or (2) the requested declaration will not terminate or afford relief from the uncertainty, insecurity, or controversy giving rise to the proceeding." *Augur v. Augur*, 356 N.C. 582, 588–89, 573 S.E.2d 125, 130 (2002). The Court of Appeals has summarized this analysis as follows:

> These two fundamental principles require, first of all, consideration of whether the declaratory proceeding will settle the entire underlying controversy. The declaratory remedy should not be invoked "to try a controversy by piecemeal,

or to try particular issues without settling the entire controversy." This is especially so where a separate suit has been filed, or is likely to be filed, that will more fully encompass the scope of the entire controversy. The interests of judicial economy and efficiency weigh in favor of suits that will settle all of the issues in the underlying controversy.

*Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 578, 541 S.E.2d 157, 163 (2000) (citations omitted). In addition, a party "should not be permitted to bring a declaratory suit involving overlapping issues in a different jurisdiction as a strategic means of obtaining a more preferable forum." *Id.* at 579, 541 S.E.2d at 164. The Court should consider the potential purposes for which the plaintiff filed the declaratory action in light of the issues in the other suit. *Id.* at 578–79, 541 S.E.2d at 164.

13. North Carolina courts have recognized that the discretionary authority granted by G.S. § 1-257 can appropriately be exercised in considering a Rule 12(b)(6) motion. *Id.* at 581, 541 S.E.2d at 165. When the record reveals the lack of a basis for declaratory relief, a Rule 12(b)(6) motion may be granted against a declaratory judgment claim. *Kirkman v. Kirkman*, 42 N.C. App. 173, 176, 256 S.E.2d 264, 266 (1979).

14. DIRECTV contends that this Court should decline to issue the requested declaratory judgment because the issue of Plaintiff's ownership interest in Thundertime already has been, and is being, litigated in the Virginia Action, and because the requested declaration will not terminate the ongoing controversy between Kimberli, Randy, and DIRECTV. Plaintiff argues that DIRECTV's interest in this action is "indirect" because a declaration that Kimberli is a 50% owner of Thundertime will not prevent DIRECTV from reaching Randy's interests in Thundertime if it is successful in the Motion for Supplemental Proceedings.[19] Essentially, Plaintiff argues that allowing her to proceed with this lawsuit will not result in "piecemeal" litigation of the issues.

---

[19] Pl.'s Resp. to Mot. to Dismiss, pp. 11–12. Plaintiff also argues that she has standing to pursue a declaratory judgment claim in this Court despite DIRECTV's position that she admitted she has no

15.     After thorough consideration of the facts at bar, the Court concludes that issuing the requested declaratory judgment would not fully resolve the "uncertainty or controversy giving rise to the proceeding." *Augur*, 356 N.C. at 588-89, 573 S.E.2d at 130. Here, the controversy giving rise to this proceeding deals with DIRECTV's attempts to reach the assets of Thundertime to satisfy the judgment obtained in the Virginia Action.[20] Plaintiff expressly alleged that she seeks a declaratory judgment because DIRECTV's attempts to reach the assets held by Thundertime in the Virginia Action place her interest in Thundertime "at risk of being unjustly and unfairly taken by [Randy] and DIRECTV."[21] As Kimberli conceded in her Response to the Motion to Dismiss, determining Kimberli's interest in Thundertime is only a small piece of resolving the greater controversy surrounding the satisfaction of the judgment entered in the Virginia Action.[22]   For example, whether DIRECTV can even reach Thundertime's assets will depend on a determination by Judge Urbanski as to whether a reverse veil-piercing theory can be applied to Randy and Thundertime. That issue will not be resolved by the declaration Plaintiff seeks in this lawsuit.

16.     Equally significant, however, is that the question of whether Kimberli has an interest in Thundertime has been placed squarely in front of the court in the Virginia Action. That action has been pending for more than five years, and significant evidence regarding Kimberli's ownership and involvement in Thundertime has been presented, including what now appears to be Kimberli's and Randy's complete about-face on the question.  It is for Judge

---

ownership interest in Thundertime.  *Id.* pp. 12–13.  DIRECTV, however, has not challenged Kimberli's standing to bring this action, and the Court need not address this argument.

[20] Compl. ¶¶ 18, 23.

[21] *Id.* ¶ 24.

[22] Pl.'s Resp. to Mot. to Dismiss,  p. 20.

Urbanski, in the first instance, to determine the impact of Kimberli's and Randy's previous sworn testimony given their new claims that Kimberli is a 50% owner of Thundertime.[23]

17.    The same facts raise serious concerns regarding judicial economy and efficiency. Our appellate courts have specifically noted that a declaratory proceeding should not be invoked to try a controversy by piecemeal, or to resolve isolated issues without resolving the broader controversy. *See Coca-Cola Bottling*, 141 N.C. App. at 578, 541 S.E.2d at 163. "This is especially so where a separate suit has been filed . . . that will more fully encompass the scope of the entire controversy." *Id.* (citation omitted). The issues concerning Kimberli's interest in Thundertime and the arguments raised by Randy and Kimberli in this lawsuit have already been presented to and are currently pending before Judge Urbanski in the Virginia Action.[24] Plaintiff's position in this lawsuit appears to be that her prior testimony that she had no ownership interest in Thundertime can be reconciled with her current claim of ownership because there may be two Thundertime entities. Judge Urbanski has been involved with the controversy presented in this action since its inception, and therefore can place the parties' evidence and arguments concerning Kimberli's interest in Thundertime within the complete context of the dispute. The Court concludes that the Virginia Action is a far more appropriate forum to determine whether, as DIRECTV argues here, Kimberli's claim in this lawsuit is actually inconsistent with her previous position in the Virginia Action.

18.    Finally, allowing this lawsuit to proceed would require the parties to litigate the question of Kimberli's ownership in Thundertime simultaneously in this Court and the Virginia Action. This is not only an inefficient use of the parties' and the courts' resources, but raises concerns over the possibility of inconsistent outcomes in the actions. This too

---

[23] As DIRECTV correctly notes, Kimberli and Thundertime have the right to move to intervene in the Virginia Action to protect any interest they believe will be affected by DIRECTV's pursuit of its judgment.
[24] Moye Aff. (May 9, 2016) (attaching documents and filings in the Virginia Action).

weighs in favor of this Court's decision to decline to issue a declaratory judgment in this lawsuit.

19.    For the foregoing reasons, the Court concludes, in its discretion, that the Motion to Dismiss should be GRANTED, and this action should be DISMISSED.

20.    In the Motion to Dismiss, DIRECTV also seeks an order awarding reasonable attorneys' fees "incurred in defending against [Kimberli's] frivolous lawsuit," pursuant to G.S. § 6-21.5. That section allows for an award of fees for a prevailing party "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." G.S. § 6-21.5. That section goes on to state that, while it may provide some evidence of a lack of justiciable issue, the granting of a Rule 12(b)(6) motion is not itself dispositive of the issue. If fees are awarded under this section, a court is required to make findings of fact and conclusions of law in support of the award. *Id.*

21.    The Court concludes that the Complaint presented justiciable issues of law and fact such that an award of fees under G.S. § 6-21.5 is improper. DIRECTV does not contend, nor could it based on the Court's reading of the Complaint, that Plaintiff has not sufficiently alleged an existing controversy between the parties. Instead, DIRECTV has asked the Court, pursuant to statutory authority unique to the Declaratory Judgment Act, to exercise its discretion to dismiss this action pursuant to Rule 12(b)(6). The Court concludes that DIRECTV is not entitled to its fees under G.S. § 6-21.5, and that this request should be DENIED.

THEREFORE, IT IS ORDERED that Defendant DIRECTV, LLC's Motion to Dismiss is GRANTED, in part, and Plaintiff Kimberli M. Coley's Complaint is DISMISSED. Except as expressly GRANTED herein, the Motion to Dismiss is DENIED.

This the 15th day of July, 2016.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases